**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
TRUSTEES FOR THE MASON TENDERS     :
DISTRICT COUNCIL WELFARE FUND,     :
PENSION FUND, ANNUITY FUND, AND    :
TRAINING PROGRAM FUND, et al.,     :     **DECISION AND ORDER**
                                   :
                Petitioners,       :     20 Civ. 5210 (VM)
                                   :
      - against -                  :
                                   :
CARLITO'S CONTRACTING CORP.,       :
                                   :
                Respondent.        :
------------------------------------X

┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 8/16/2021            │
└─────────────────────────────────┘

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees for the Mason Tenders District
Council Welfare Fund, Pension Fund, Annuity Fund, Training
Program Fund, and the Mason Tenders District Council of
Greater New York (collectively, "Petitioners"), bring this
action against Carlito's Contracting Corp. ("Respondent") to
confirm an arbitration award. Now before the Court is
Petitioners' unopposed petition to confirm the award. (See
"Petition," Dkt. No. 1.) For the reasons discussed below, the
Petition is GRANTED.

A court reviewing an arbitration award should confirm
that award so long as the arbitrator "acted within the scope
of his authority" and "the award draws its essence from the
agreement." Local 1199, Drug, Hosp. & Health Care Employees
Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d
Cir. 1992). Even where a Court may believe the arbitrator was

incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."); Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority.") (citing Leed Architectural Products, Inc. v. United Steelworkers of Am. Local 6674, 916 F.2d 63, 65 (2d Cir. 1990)). Generally, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Accordingly, the court "must grant the award unless the award is vacated, modified, or corrected." Id. (internal quotations omitted).

Here, the Court treats the unopposed motion as one for summary judgment. See D.H. Blair, 462 F.3d at 109; see also Trustees of New York City Dist. Council of Carpenters Pension

2

Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Empire Masonry, LLC, No. 19 Civ. 1233, 2019 WL 11270457, at *1 (S.D.N.Y. June 5, 2019) ("Because Respondent has failed to appear or respond to the petition, the Court regards the petition as an unopposed motion for summary judgment.").

Having reviewed the Petition, as well as the accompanying documents, the Court is persuaded that the arbitrator acted within the scope of his authority. The Court therefore will confirm the arbitration award. The Court is likewise persuaded that Petitioners' request post-judgment interest is warranted. See Trustees for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc., No. 15 Civ. 6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) ("Awards of post-judgment interest under § 1961 are mandatory." (citing Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 113 (2d Cir. 2013); Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100-01 (2d Cir. 2004)). Nevertheless, the Court will not award attorneys' fees and costs incurred in bringing this Petition, as Petitioners have failed to support the request with time records or other support. See Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Universal Pres. Grp., No. 20 Civ. 626, 2020 WL 4883869, at *3 (S.D.N.Y. Aug. 18,

2020) ("[T]he Court ordinarily may not grant an application for attorneys' fees.") (citing cases); see also New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

Therefore, for the reasons stated above, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) of Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund, and the Mason Tenders District Council of Greater New York is **GRANTED**, in the amount of $11,493.83 plus post-judgment interest.

The Clerk of Court is respectfully directed to dismiss all pending motions and close this case.


**SO ORDERED.**

Dated: New York, New York
      16 August 2021

Victor Marrero
U.S.D.J.